I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL. POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 3/25/2010

DEPUTY CLERK




# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

IN RE APPLICATION OF MARTIN ORTIZ,

Applicant.

Case No. CV 10-2013-CJC (RNB)

ORDER DENYING APPLICATION FOR EXTENSION OF TIME TO FILE HABEAS PETITION, AND SUMMARILY DISMISSING MATTER WITHOUT PREJUDICE

Petitioner, a California state prisoner who currently is incarcerated at a state prison facility in Crescent City, has sent a communication to the Court that has been processed as an application for an extension of time to file a federal petition for writ of habeas corpus. According to petitioner, he needs additional time because (a) he currently is housed in administrative segregation and has limited law library access, and (b) his appellate counsel was "real late" in advising him that his Petition for Review had been denied.

The timely filing of a federal habeas petition is not jurisdictional, but rather is subject to equitable tolling if extraordinary circumstances beyond a petitioner's control make it impossible to file a petition on time. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287-89 (9th Cir. 1997), cert. denied,

522 U.S. 1099 and 523 U.S. 1061 (1998).[1] Presently, however, the Court has concluded that petitioner's application must be denied and that this matter must be dismissed without prejudice for the following reason.

There are no adverse parties before the Court and there is no concrete dispute for this Court to decide. Petitioner's application in effect seeks an advisory opinion, regarding whether petitioner's federal habeas petition will be time-barred (a) if the petition is filed at some unspecified date in the future which may or may not be within the one-year limitation period accorded by 28 U.S.C. § 2244(d)(1), and (b) if the State then raises the time bar issue as a defense. Thus, the application seeks relief that the Court could not grant without violating the "case or controversy" requirement of Article III, Section 2 of the United States Constitution. See, e.g., Corcoran v. Tilton, 2008 WL 816682 (C.D. Cal. Mar. 25, 2008); In re Brockett, 2006 WL 1329675 (N.D. Cal. May 15, 2006); Flores v. California, 2002 WL 1226853 (N.D. Cal. June 4, 2002); In re Burgess, 2001 WL 603609 (N.D. Cal. May 23, 2001); Smith v. State, 2007 WL 2398822 (N.D. Tex. Aug. 16, 2007); Wawak v. Johnson, 2001 WL 194974, adopted, 2001 WL 290526 (N.D. Tex. Feb. 22, 2001); see also United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (holding that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition actually is filed); United States v. Clarke, 1998 WL 91069, at *1 (D. Conn. Feb. 24, 1998) (denying request for extension of limitations period to file § 2255 motion); Application of Wattanasiri, 982 F. Supp. 955, 958 (S.D.N.Y. 1997) (same).

The Court also notes that restrictions on law library access are an ordinary incident of prison life and do not generally qualify as an "extraordinary circumstance" sufficient to equitably toll the statute of limitations for federal habeas petitions. See,

---

[1] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

e.g., Wilder v. Runnels, 2003 WL 22434102, at *3 (N.D. Cal. Oct. 22, 2003) ("[L]ockdowns, placement in administrative segregation/solitary confinement, and other common restrictions on access to the law library and legal assistant programs, generally do not qualify as 'extraordinary circumstances.'"); Atkins v. Harris, 1999 WL 13719, at *2 (N.D. Cal. Jan. 7, 1999) ("Petitioner's allegations of difficulty in gaining library access, prison lockdowns, his lack of legal training, poor eyesight, and transfers to various prisons fail to meet the requisite extraordinary circumstances."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, at *2 (N.D. Cal. Nov. 3, 1998) (holding that 14-month lockdown did not constitute an extraordinary circumstance warranting equitable tolling).

IT THEREFORE IS ORDERED that petitioner's application for an extension of time is denied and this matter is summarily dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 25, 2010

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge